El Pueblo, Demandante y Apelado, *v.* Ocasio, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en causa por profanación de la bandera americana.

No. 1782.—Resuelto en mayo 18, 1922.

Profanación de la Bandera Americana—Causa de Acción—Denuncia Suficiente.—Constituye menosprecio a la bandera de los Estados Unidos de América, penable de acuerdo con la Ley de marzo 10, 1904, el expresar en un mitin público que "la única bandera de verguenza en Puerto Rico era la bandera roja." Las palabras constitutivas de ofensa o menosprecio deben ser interpretadas en el sentido y con el significado que les darían las personas que las oyeran y no es necesario que hagan la imputación directamente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Tormes.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Manuel Ocasio estableció este recurso de apelación contra sentencia condenatoria dictada contra él en virtud de una denuncia que copiada en lo necesario dice así:

"Que en octubre 21, 1920, a las 10 y 10 p. m. y en la plaza pública de Peñuelas, parte del Distrito Judicial Municipal de Peñuelas, que forma parte del Distrito Judicial Municipal de Ponce, P.

R., allí y entonces el referido acusado, Manuel Ocasio, ilegal, voluntaria y maliciosamente y mientras tomaba parte como orador en un *meeting* socialista que se llevaba a efecto en la plaza pública de este pueblo, se expresó, 'que la única bandera de vergüenza en Puerto Rico era la bandera roja,' encontrándose en dicho momento en la referida tribuna la bandera americana solamente, por haber sido ordenado suspender la tal bandera roja, menospreciando con tal dicho la bandera americana que era la única que ocupaba la referida tribuna, en dicha noche.''

En el alegato escrito que nos ha presentado el apelante en apoyo de su recurso expone como motivo para que revoquemos la sentencia y lo absolvamos que la corte sentenciadora cometió error al desestimar la excepción perentoria que opuso a la denuncia por no exponer ésta hechos constitutivos de delito.   El fiscal de este Tribunal Supremo está conforme con esta alegación.

La ley por cuya infracción se denunció y condenó al apelante fué aprobada en 10 de marzo de 1904 siendo su título ''Ley prohibiendo y castigando la profanación de la bandera de los Estados Unidos,'' y en su sección primera dispone lo siguiente:

''Sección 1.—Cualquier persona que con objeto de exhibir o anunciar, estampare, o hiciere estampar en alguna forma, alguna palabra, número, marca, grabado, diseño, pintura u otro anuncio de cualquiera índole que éste fuese, en una bandera, estandarte, enseña o insignia de los Estados Unidos de América; que expusiere o hiciere exponer a la vista del público tal bandera, estandarte, enseña, o insignia en la cual se hubiere impreso, pintado o colocado en cualquiera otra forma, o se hubiere adherido, añadido, estampado, o agregado alguna palabra, número, marca, grabado, diseño, pintura o anuncio de cualquiera especie; que expusiere al público, manufacturare, vendiere, ofreciere en venta, diere o tuviere en su poder para vender, dar o para usar en alguna forma, cualquier artículo o sustancia que fuere un objeto de comercio, o un envase de mercaderías, carro o vehículo para el transporte de mercaderías en el cual se hubiere impreso, pintado, fijado o colocado en cualquier otra forma una representación de la referida bandera, estandarte, enseña o insignia con el fin de anunciar, llamar la atención, decorar, marcar o distinguir el ar-

tículo o la sustancia en el cual se hubiere colocado; o que pública-
mente mutilare, borrare, manchare, retare, pisoteare, vistiere de luto
(excepto en casos de entierros) o menospreciare ya de palabras, ya
por medio de hechos dicha bandera, estandarte, enseña o insignia,
será culpable de *misdemeanor* y será castigado con una multa que
no excederá de cien dollars, o con prisión por un período de tiempo
que no excederá de treinta días, o con ambas penas a discreción del
tribunal.''

Se sostiene por el apelante que la denuncia formulada
contra él no le imputa el delito de profanación a la bandera
de los Estados Unidos de América porque no hace referencia
a ella sino a la bandera americana siendo así que hay muchas
banderas americanas. Si las palabras atribuidas al apelante
son de menosprecio a la bandera de los Estados Unidos de
América no dejarán de ser constitutivas de delito por el hecho
de que en la denuncia no se mencione específicamente la ban-
dera de los Estados Unidos de América pues en las pala-
bras vertidas por el denunciado es donde ha de encontrarse
la comisión del delito y no en las manifestaciones que por
su cuenta haga el denunciante. Si éste no hubiera hecho
esas manifestaciones no por eso dejaría la denuncia de im-
putar un delito si dichas palabras son de menosprecio para
la bandera de los Estados Unidos de América.

Con respecto a las palabras atribuidas al apelante sos-
tiene éste que no son constitutivas de delito porque no ex-
presan hecho ni acto alguno de los comprendidos en la ley
que se dice infringida toda vez que no son de menosprecio
para la bandera de los Estados Unidos de América, y nos
cita en apoyo de su afirmación nuestras decisiones en los
casos de *El Pueblo* v. *Rivera Esbrí,* 26 D. P. R. 571; *El Pue-
blo* v. *Del Moral,* 16 D. P. R. 653 y de *El Pueblo* v. *Suárez,*
23 D. P. R. 243.

La denuncia imputa al apelante haber dicho en un *meeting*
que ''la única bandera de vergüenza en Puerto Rico era la
bandera roja.'' Con estas palabras no dijo directamente
que la bandera de los Estados Unidos de América no tiene

vergüenza, pero sí indirectamente porque claramente excluyen de tener vergüenza en Puerto Rico a cualquiera otra bandera que no sea la roja, y como la bandera de los Estados Unidos de América es la de Puerto Rico desde el año 1898 tales palabras tienen que significar para toda persona que la bandera de los Estados Unidos de América no tiene vergüenza, y constituyen un menosprecio de dicha bandera, que es penable de acuerdo con el artículo citado. Las palabras constitutivas de ofensa o menosprecio deben ser interpretadas en el sentido y con el significado que le darían las personas que las oyeron y no es necesario que hagan la imputación directamente. 17 Ruling Case Law, páginas 312 y 314. De acuerdo con esta regla si alguien dijera en una reunión de varias personas que la única honrada de las allí reunidas es una persona cuyo nombre da, nadie dudaría de que en esa forma indirectamente ha dicho claramente que las demás personas de la reunión no son honradas. En cuanto a las citas que ha hecho el apelante de nuestras decisiones ninguna de ellas tiene aplicación al presente caso porque las tres declaran que en la denuncia deben consignarse los hechos constitutivos del delito y en el caso presente la denuncia dice las palabras que pronunció el apelante y que según hemos visto son constitutivas del delito de que se le acusa porque menosprecian la bandera de los Estados Unidos de América.

Más fuerte parece ser el argumento que el fiscal nos presenta al mostrar su conformidad con el recurso del apelante fundado en que no siendo las palabras atribuidas al apelante un menosprecio directo de la bandera de los Estados Unidos de América sólo por deducción puede llegarse a la conclusión de que cometió el delito que se le imputa, deducciones que no son admitidas cuando se trata de imponer castigo a un ciudadano según nuestras decisiones en los casos de *El Pueblo* v. *Aragón,* 22 D. P. R. 797; *El Pueblo* v. *Marini,* 22 D. P. R. 11 y *El Pueblo* v. *Grau,* 29 D. P. R. 624; pero si se

examinan con cuidado esos casos se verá que no son aplicables al presente porque si bien en todos ellos se ha declarado por este Tribunal Supremo lo que dice el fiscal, sin embargo, se refieren a que cuando el estatuto no ha creado directamente un delito no puede por deducción declararse que exista y no se refieren a que de los actos o palabras no puedan hacerse las deducciones que natural y lógicamente surgen. Así, en el caso de Aragón se trataba de un reglamento de sanidad que permitía el lavado de ropas en las casas bajo ciertas condiciones pero que no lo prohibía de un modo terminante y expreso, y dijimos que si bien podría decirse que de los términos en que está redactado se infiere lógicamente la prohibición, tal inferencia no puede admitirse cuando se trata de imponer castigo a un ciudadano, y citamos el caso de *El Pueblo* v. *Paratze,* 22 D. P. R. 38, en el que dijimos que ningún acto puede ser castigado como delito a no ser que esté prohibido y castigado por el estatuto y que la ordenanza por cuya infracción se hizo la denuncia no prohibe por sus términos ni castiga el acto imputado en la denuncia, que es puramente permisiva y no penal y no establece ni define delito alguno. En el caso de Marini lo que dijimos fué que determinando la ley ciertas circunstancias que son agravantes del delito de acometimiento y agresión para que la acusación imputara un delito de acometimiento y agresión grave debía expresarse claramente cuál era la circunstancia agravante que concurría al caso; y en el de *Grau* declaramos que para comprender el hecho denunciado dentro de los términos de la ley por cuya infracción se le denunció había que forzar ésta y aplicarla por extensión, procedimiento que no debe seguirse en casos criminales. Como se ve en estos tres casos se trataba de deducciones que querían hacerse de la ley, lo que no ocurre en el caso presente en que la ley claramente castiga al que con palabras menosprecie la bandera de los Estados Unidos de América, y lo único que hay que hacer en el presente caso es interpretar las palabras

dichas por el apelante para conocer si, aunque en forma indirecta, son de menosprecio para dicha bandera. Los casos que hemos examinado de *State* v. *Halder*, 13 Am. D. 738; *State* v. *Seay*, 20 Am. D. 66; *Moore* v. *Commonwealth*, 39 Am. D. 725; *State* v. *Thurstin*, 58 Am. D. 698; *State* v. *Dale*, 42 S. W. 723 y de *State* v. *Whedbee*, 67 S. W. 62, sostienen el mismo principio alegado en este caso por el fiscal pero se refieren a que las acusaciones no alegaron todos los hechos que eran necesarios para constituir el delito, los que no podían quedar sujetos a deducciones o conjeturas y se diferencian de éste en que no se trata de suplir por deducción o conjetura hechos que faltan en la denuncia sino simplemente de interpretar las palabras pronunciadas por el apelante y determinar si son constitutivas de delito.

El segundo motivo del recurso alegado por el apelante fundado en que la corte inferior cometió error en la apreciación de la prueba tampoco es sostenible porque la prueba demostró que el apelante pronunció las palabras que se mencionan en la denuncia, que como hemos dicho son constitutivas de delito, sin que el hecho de que fueran pronunciadas en ocasión reciente de haber sido prohibido gubernativamente el uso de la bandera roja destruya la existencia del delito pues por el contrario más bien demuestra la intención de menospreciar la bandera de los Estados Unidos de América por haber sido prohibido el uso de la roja, ni en ninguna otra forma aparece de la prueba la falta de intención de cometer el delito.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.